# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Suzanne Viscuso, individually and on behalf of others similarly situated, | ) Civil Action No.<br>)<br>) |
| Plaintiff, | )<br>) **NOTICE OF REMOVAL** |
| vs. | )<br>) |
| Quicken Loans, Inc., | )<br>) |
| Defendant. | )<br>) |

**YOU ARE HEREBY NOTIFIED** that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, Defendant Quicken Loans Inc. n/k/a Quicken Loans, LLC ("Quicken Loans") removes this action previously pending in the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina Civil Action No. 2021-CP-40-01216, to the United States District Court for the District of South Carolina, Columbia Division. In support of this Notice, Quicken Loans states the following:

**I.     Statement of Commencement of Action**

Plaintiff Suzanne Viscuso ("Plaintiff") commenced this putative class action on March 15, 2021 by filing a Summons and Complaint with the Clerk of Court for Richland County. Plaintiff served Quicken Loans on March 22, 2021.

The case stated by Plaintiff's initial pleading was not removable because Plaintiff's complaint does not raise a federal question under 28 U.S.C. § 1331, and it does not satisfy the amount in controversy requirement of 28 U.S.C. § 1332. Aside from alleging that the damages of each putative class member exceeds $100, Plaintiff's complaint is silent on its face as to the amount of claimed damages. Consequently, Quicken Loans was not obligated to file its Notice of Removal within 30 days of receiving the complaint. *See Lovern v. General Motors Corp.*, 121 F.3d 160, 162

(4th Cir. 1997) ("[W]e conclude that only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days."); *Gillen v. Wal-Mart Stores, Inc.*, No. 3:06-358-MJP, 2006 WL 8444319, at *4 (D.S.C. May 1, 2006) ("The plaintiff's Complaint does not request a specific amount of damages. Thus, the four corners of the Complaint does not expressly reveal whether the jurisdictional amount threshold was met, and the thirty-day time period for removal did not begin to run when Wal-Mart received that initial pleading."). In this case, the complaint, which was silent as to the amount in controversy, did not trigger the thirty-day period for removal.

## II.     Timeliness of Removal

The Notice of Removal is timely filed because it has been filed within thirty days after receipt of "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 28 U.S.C. § 1446(b)(3) provides for removal in such cases as this after receipt of information showing the case to be removable:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  In particular, this removal is timely because it occurs within thirty days of receipt of Plaintiff's responses to Requests for Admission that establish the amount in controversy.  *See* 28 U.S.C. § 1446(c)(3) (stating that if "the case stated by the initial pleadings is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy . . . in responses to discovery shall be treated as an 'other paper' under subsection (b)(3).").

Quicken Loans served Plaintiff with Requests for Admission to ascertain the amount in controversy. (**Exhibit A**). In the requests, Quicken Loans asked Plaintiff to admit that her claims in controversy and claims for damages of any kind, including nominal, actual, statutory, punitive, other damages, and attorneys' fees, do not exceed the sum or value of $75,000. Quicken Loans further sought an admission that Plaintiff does not claim to be entitled to a judgment and would not accept a judgment that exceeds the sum or value of $75,000. Quicken Loans also sought an admission that the aggregate amount in controversy for the class does not exceed $5 million.

Plaintiff emailed her responses to the Requests for Admission to counsel for Quicken Loans on May 28, 2021 (email and responses attached hereto as **Exhibit B**). In her responses, Plaintiff denied Quicken Loans' Requests for Admission regarding the amount in controversy at issue in the case. In doing so, she necessarily admitted that her claims in controversy and claims for damages exceed the sum or value of $75,000. She also necessarily admitted that the aggregate amount in controversy for the claims of the putative class exceeded $5 million. The thirty-day time period for removal began to run following receipt of that admission on May 28. *See Gillen*, 2006 WL 8444319, at *7 ("Under the plain language of § 1446(b), the thirty-day time period for removal did not begin to run until Wal-Mart received the plaintiff's response to its Request to Admit concerning the amount of damages being sought. This response was the first 'other paper' concerning damages that Wal-Mart received, and Wal-Mart filed its Notice of Removal within thirty days of receiving that response."). This removal is timely because it is within thirty days of receipt of Plaintiff's admissions on May 28, 2021.

### III.     Pleadings and Notice to State Court

True and correct copies of all process and pleadings received by Quicken Loans are attached and are being filed contemporaneously with this Notice as **Exhibit C**. Pursuant to 28

U.S.C. § 1446(d) and DSC Local Rule 83.IV.01, written notice of this removal is being served on Plaintiff and is being filed with the Clerk of Court for the Richland County Court of Common Pleas.

### IV.    Statement of Statutory Basis for Federal Jurisdiction

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332 for two separate and independently sufficient reasons. First, the District Court has jurisdiction pursuant to general diversity jurisdiction under 28 U.S.C. § 1332(a). Second, the District Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA") under 28 U.S.C. § 1332(d).

#### A.  General Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), the federal district courts have general diversity jurisdiction of all civil actions where the (1) the action is between citizens of different states and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Both requirements are satisfied here.

First, the action is between citizens of different states. As alleged in Plaintiff's Complaint, Plaintiff is a resident of South Carolina, and her home loan is serviced by Quicken Loans. (Exhibit C at ¶¶ 1 and 6). As evidenced by Plaintiff's Loan Application, her primary residence is in South Carolina and has been located here for at least two years. (**Exhibit D**). Thus, Plaintiff is a citizen of South Carolina for purposes of diversity jurisdiction. *See Scott v. Cricket Communications, LLC*, 865 F.3d 189, 195 (4th Cir. 2017) (noting that if a party's citizenship is questioned, a court may make an individualized inquiry regarding the party's citizenship considering the party's current residence and location of real and personal property among other factors). Plaintiff's Complaint

alleges Quicken Loans is a foreign corporation with its "nerve center" in Michigan. (Exhibit C, Complaint at ¶ 2).[1] Thus, there is complete diversity of citizenship between the parties.

Second, the amount in controversy exceeds the sum or value of $75,000. As outlined above, Plaintiff denied that the value of her claims does not exceed the sum or value of $75,000 and denied that her claim for damages does not exceed $75,000. (Exhibit B at 1–6). Plaintiff thus necessarily admitted that amount in controversy exceeds $75,000.

Because Plaintiff's claim satisfies the requirements for general diversity jurisdiction, this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of the other putative class members. *See Exxon Mobil Corp. v. Allapatah Services, Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

---

[1] As of April 2020, Quicken Loans is now a limited liability company whose sole member is RKT Holdings, LLC. RKT Holdings, LLC has three members—Rock Holdings Inc., Rocket Companies, Inc., and Dan Gilbert—none of which is a citizen of South Carolina. Rock Holdings, Inc. is a Michigan corporation, with a principal place of business in Michigan. Rocket Companies, Inc. is a Delaware corporation, with a principal place of business in Michigan. And, Mr. Gilbert is an individual, with his domicile in Michigan. For purposes of removal on the basis of diversity of citizenship, the citizenship of a limited liability company is determined by the citizenship of its members. *See Jennings v. HCR ManorCare Inc.*, 901 F.Supp.2d 649, 651 (D.S.C. 2012). This Court may properly take judicial notice of Quicken Loans' status as a limited liability company. *See*, *e.g.*, *Williams v. Universal Ins. Co.*, No. 4:13-cv-3518-PMD, 2014 WL 12621154 (D.S.C. Oct. 9, 2014). Whether Quicken Loans' citizenship is assessed as a corporation or as a limited liability company, complete diversity of citizenship exists between the parties.

**B. CAFA**

Under CAFA, 28 U.S.C. § 1332(d), removal of a class action lawsuit is proper where (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the aggregate amount of all of the class members' claims exceeds $5,000,000; and (3) the proposed class has 100 members or more. *See* 28 U.S.C. § 1332(d). Based on the Complaint and Plaintiff's responses to Requests for Admission, all three requirements are met here.[2]

First, as outlined above, the putative class representative is a South Carolina citizen, and Quicken Loans is not. Consequently, CAFA's requirement that "any member of a class of plaintiffs is a citizen of a State different from any defendant" is satisfied. 28 U.S.C. § 1332(d)(2)(A).

Second, the aggregate amount in controversy exceeds the "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). In response to Quicken Loans' Requests for Admission, Plaintiff expressly denied that the "aggregate amount in controversy does not exceed $5 million." (Exhibit B at 10).

Third, the Complaint alleges the proposed class has 100 members or more. (Exhibit C, Complaint at ¶ 8, referring to "hundreds or thousands" or similarly situated persons).[3]

---

[2] In removing this case under CAFA, Quicken Loans bases its argument on the allegations raised in Plaintiff's Complaint. *See Long v. Boston Scientific Corp.*, 665 F.Supp.3d 541, 547 (D.S.C. 2008) ("Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court."). Quicken Loans does not agree, as alleged in the Complaint, that there are "hundreds" of putative class members, and will deny that allegation because South Carolina's door-closing statute bars Plaintiff from asserting claims on behalf of non-South Carolina residents. *See* S.C. Code § 15-5-150; *see also Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738, 739–40 (4th Cir. 1980) (holding that a federal court exercising diversity jurisdiction must apply the South Carolina door-closing statute unless countervailing federal considerations are present). Quicken Loans hereby reserves its right to assert to assert the door-closing statute, and fully intends to do so at the appropriate time if this case is not dismissed pursuant to the pending motion to dismiss.

[3] *See* footnote 2 supra.

This action may not be remanded under 28 U.S.C. §§ 1332(d)(3) or (d)(4) because Quicken Loans is not a citizen of the State in which the action was originally filed.

## V.  Request for Briefing and Oral Argument

In the event any question arises as to this Court's jurisdiction, Quicken Loans respectfully requests the opportunity to present briefs, supplemental materials, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper.

**WHEREFORE,** Quicken Loans hereby removes this matter from the South Carolina Court of Common Pleas for the Fifth Judicial Circuit to the United States District Court for the District of South Carolina, Columbia Division, based on general diversity jurisdiction and CAFA. *See* 28 U.S.C. § 1332.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/ B. Rush Smith III*
    B. Rush Smith III
    Federal Bar. No. 5031
    E-Mail: rush.smith@nelsonmullins.com
    Thomas T. Hydrick
    Federal Bar No. 13322
    E-Mail: thomas.hydrick@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

*Attorneys for Quicken Loans Inc.*

Columbia, South Carolina

June 25, 2021