# EXHIBIT A

(Quicken Loans' Requests for Admission - without exhibits)



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Thomas Hydrick
(803) 255-9724
thomas.hydrick@nelsonmullins.com

1320 Main Street, 17th Floor
Columbia, SC 29201
T 803.799.2000  F 803.256.7500
nelsonmullins.com

April 21, 2021

dave@consumerlawsc.com
Dave Maxfield, Esquire
Dave Maxfield, Attorney, LLC
Post Office Box 11865
Columbia, SC  29211

RE:   Suzanne Viscuso, et al. v. Quicken Loans, Inc.
      Civil Action No.: 2021-CP-40-01216
      Our File No.: 042677/01565

Dear Dave:

Please find enclosed for service upon you Defendant Quicken Loan's First Set of Requests for Admission to Plaintiff Suzanne Viscuso.

Please let us know if you have any questions.

Thank you.

Very truly yours,

Thomas T. Hydrick

TTH:jlt
Enclosures

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |

Suzanne Viscuso, individually and on behalf of others similarly situated, )

        Plaintiff, )

vs. )

Quicken Loans, Inc., )

        Defendant. )

Civil Action No. 2021CP4001216

**DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF SUZANNE VISCUSO**

Pursuant to Rule 36 of the South Carolina Rules of Civil Procedure, with regard to the Complaint filed by Plaintiff Suzanne Viscuso ("Plaintiff") on March 15, 2021, and as of the time of your answers to these Requests for Admissions, Defendant Quicken Loans Inc. n/k/a Quicken Loans, LLC ("Quicken Loans"), requests that Plaintiff admit the following :

1. Admit that Plaintiff's claims in controversy, alleged to exceed $100 and allegedly including claims for humiliation, worry, anger, and the physical manifestations of same, harm to reputation and credit, loss of the right to privacy, the cost of credit monitoring, and other items, do not exceed the sum or value of $75,000.

2. Admit that Plaintiff's claims for damages of any kind, including nominal, actual, statutory, punitive, and other damages, do not exceed the sum or value of $75,000.

3. Admit that Plaintiff's claims for damages of any kind, plus Plaintiff's claims for attorneys' fees, do not exceed the sum or value of $75,000.

4. Admit that Plaintiff asserts no claims of any kind whose total value, exclusive of interest and costs, exceeds the sum or value of $75,000.

5. Admit that Plaintiff does not claim to be entitled to judgment that exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Admit that Plaintiff, if awarded judgment with a sum or value exceeding $75,000, does not intend to and agrees not to accept any sum or value in excess of $75,000, exclusive of interest and costs.

7. Admit that South Carolina law, as applied to the facts alleged in the Complaint, excludes from the class persons who reside in other states.

8. Admit that for putative class members who are not residents of South Carolina, the claims alleged in the Complaint did not arise in South Carolina.

9. Admit that 9 persons are too few to meet the requirement of numerosity in Rule 23, SCRCP.

10. Admit that for the class defined in the Complaint, the aggregate amount in controversy does not exceed $5 million.

11. Admit that the class defined in the Complaint, as limited by South Carolina law, specifically the door closing statute, contains fewer than 100 persons.

12. Admit that Plaintiff's monthly payment was initially $1134.88.

13. Admit that Plaintiff called Defendant on March 1, 2021, and scheduled a one-time payment of $1134.88 to be drafted from her account on March 15, 2021.

14. Admit that on March 1, 2021, Plaintiff received an email confirmation of the $1134.88 payment scheduled for March 15, 2021.

15. Admit that Plaintiff's current monthly payment is $1146.00.

16. Admit that the monthly payment of $1146.00 was reflected on the Annual Escrow Disclosure Account Statement, dated March 6, 2021, attached hereto as Exhibit A.

17. Admit that Exhibit B is a copy of the email referred to in the Complaint, together with Plaintiff's response to same.

18. Admit that Exhibit B does not assert that any borrower has failed to make a timely payment.

19. Admit that Exhibit B does not assert that any borrower is in default of any obligation.

20. Admit that Exhibit B does not assert that any borrower's loan is delinquent.

*SIGNATURE PAGE ATTACHED*

Respectfully,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _____
B. Rush Smith III
SC Bar No. 012941
E-Mail: rush.smith@nelsonmullins.com
Thomas T. Hydrick
SC Bar No. 103198
E-Mail: thomas.hydrick@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

*Attorneys for Quicken Loans, Inc. n/k/a Quicken Loans, LLC*

Columbia, South Carolina

April 21, 2021