# EXHIBIT B

(Plaintiff's email and responses to the Requests for Admission)

| | |
|---|---|
| **From:** | Dave Maxfield <dave@consumerlawsc.com> |
| **Sent:** | Friday, May 28, 2021 7:30 PM |
| **To:** | Rush Smith |
| **Subject:** | Viscuso v. Quicken Loans |
| **Attachments:** | 2021.05.28 Plaintiff Responses to Quicken RTA.pdf; First RTA to Quicken R.pdf; First RTP to Quicken R.pdf; First INT to Quicken R.pdf |

◄**External Email**► - From: davemaxfield28@gmail.com

Rush -- attached please find our Responses to Quicken's First Request for Admission; these will be sent by mail to you as well.

I have pared down our outgoing discovery (courtesy copy attached) and will send those to you by mail as well.


--
Dave Maxfield
Dave Maxfield, Attorney, LLC
P.O. Box 11865
Columbia, SC 29211
803-509-6800 (T)
855-299-1656   (F)
www.consumerlawsc.com

**Office Address (by appointment):**
SOCO 80808 Building
808 D Lady Street
Columbia, SC 29201



Adjunct Professor, *University of South Carolina School of Law*

Author of the ABA's Bestseller *The Lean Law Firm: Run Your Firm Like the World's Most Profitable and Efficient Businesses* and Co-Host of *The Lean Law Firm Podcast*

NO ATTORNEY-CLIENT RELATIONSHIP:  Please note that no attorney-client relationship is created by this e-mail correspondence unless there exists an enforceable fee contract/employment agreement between the corresponding parties.

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

Suzanne Viscuso,

Plaintiff(s),

-vs-

Quicken Loans, Inc.,

Defendant(s).

IN THE COURT OF COMMON PLEAS

FIFTH   JUDICIAL CIRCUIT

2021-CP-40-01216

## PLAINTIFF'S REPSONSES TO DEFENDANT'S
## FIRST REQUEST FOR ADMISSION

Under Rule 36 of the South Carolina of Civil Procedure, Plaintiff responds to the Defendant's

First Request for Admissions as Follows:

## RESPONSES

1.    Admit that Plaintiffs claims in controversy, alleged to exceed $100 and allegedly including claims for humiliation, worry, anger, and the physical manifestations of same, harm to reputation and credit, loss of the right to privacy, the cost of credit monitoring, and other items, do not exceed the sum or value of $75,000.

   **Denied.**

2.    Admit that Plaintiffs claims for damages of any kind, including nominal, actual, statutory, punitive, and other damages, do not exceed the sum or value of $75,000.

   **Denied.**

3.    Admit that Plaintiffs claims for damages of any kind, plus Plaintiffs claims for attorneys' fees, do not exceed the sum or value of $75,000.

4.    Admit that Plaintiff asserts no claims of any kind whose total value, exclusive of interest and costs, exceeds the sum or value of $75,000.

**Denied.**

5.    Admit that Plaintiff does not claim to be entitled to judgment that exceeds the sum or value of $75,000, exclusive of interest and costs.

**Denied.**

6.    Admit that Plaintiff, if awarded judgment with a sum or value exceeding $75,000, does not intend to and agrees not to accept any sum or value in excess of $75,000, exclusive of interest and costs.

**Denied.**

7.    Admit that South Carolina law, as applied to the facts alleged in the Complaint, excludes from the class persons who reside in other states.

**Objection; this Request calls for a purely legal conclusion.  Subject to objection, denied.**

8.    Admit that for putative class members who are not residents of South Carolina, the claims alleged in the Complaint did not arise in South Carolina.

**Admitted, upon information and belief.**

9.    Admit that 9 persons are too few to meet the requirement of numerosity in Rule 23, SCRCP.

**Objection; this Request calls for a purely legal conclusion and mischaracterizes the Rule, which contains no fixed number, but measures numerosity on the practicality of joinder. Subject to the above, Plaintiff does not intend to seek class certification if the total number of impacted persons in the putative class as plead or to be amended is 9 or fewer persons.**

10.    Admit that for the class defined in the Complaint, the aggregate amount in controversy does not exceed $5 million.

**Denied.**

11.    Admit that the class defined in the Complaint, as limited by South Carolina law, specifically the door closing statute, contains fewer than 100 persons.

**Objection to the extent this request implicitly requires a legal interpretation of the door closing statute and is compound.  Denied in that Plaintiff has no way of knowing, absent responses to her own discovery, the number of persons impacted.**

12.    Admit that Plaintiff's monthly payment was initially $1134.88.

**Admitted.**

13.    Admit that Plaintiff called Defendant on March 1, 2021 and scheduled a one-time payment of $1134.88 to be drafted from her account on March 15, 2021.

   **Admitted that Plaintiff called on March 1, 2021; remainder admitted on information and belief.**

14.    Admit that on March 1, 2021, Plaintiff received an email confirmation of the $1134.88 payment scheduled for March 15, 2021.

   **Admitted.**

15.    Admit that Plaintiff's current monthly payment is $1146.00.

   **Denied; as of the date of these responses, Plaintiff's loan is paid in full.**

16.    Admit that the monthly payment of $1146.00 was reflected on the Annual Escrow Disclosure Account Statement, dated March 6, 2021, attached hereto as Exhibit A.

   **Admitted.**

17.    Admit that Exhibit B is a copy of the email referred to in the Complaint, together with Plaintiff's response to same.

   **Admitted.**

18.    Admit that Exhibit B does not assert that any borrower has failed to make a timely payment.

   **Objection; Exhibit B speaks for itself. Subject to objection, denied in that the exhibit states that the payment scheduled "is not enough to satisfy the full amount due."**

19.    Admit that Exhibit B does not assert that any borrower is in default of any obligation.

   **Objection; Exhibit B speaks for itself. Denied to the extent that failing to make a payment in the amount needed to satisfy the full amount due is (upon information and belief) an event of default under the applicable note. Admitted to extent the word "default" is not used in the communication.**

20.    Admit that Exhibit B does not assert that any borrower's loan is delinquent.

   **Objection; Exhibit B speaks for itself. Subject to objection, admitted that the word "delinquent" does not appear in the communication.**

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

May 28, 2021

STATE OF SOUTH CAROLINA            IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND                 FIFTH JUDICIAL CIRCUIT

| | |
|---|---|
| Suzanne Viscuso,<br><br>                                 Plaintiff,<br><br>           vs.<br><br> Quicken Loans, Inc.<br><br>                                Defendant. | Case No. 2021-CP-40-01216<br><br>CERTIFICATE OF SERVICE |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the

1st day of June 2021, I served the foregoing **Plaintiff's Responses to Defendant's First Request for**

**Admission**, by sending a copy of same by U.S Certified Mail to the following:

Nelson Mullins Riley & Scarborough LLP
B. Rush Smith III, Esq.
Thomas T. Hydrick, Esq.
1320 Main Street/ 17th Floor
Post Office Box 11070
Columbia, SC 29201


                                             s/Janel Streater_____
                                             Janel Streater


DATED: June 1, 2021
Columbia, South Carolina