# EXHIBIT C

(True and correct copies of all process and pleadings received by Quicken Loans)

ELECTRONICALLY FILED - 2021 Mar 15 5:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Suzanne Viscuso, individually and on behalf of other similarly situated,<br>Plaintiff,<br><br>vs.<br><br>Quicken Loans, Inc.,<br><br>Defendants. | Case No.<br><br>**SUMMONS** |

TO: THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

__s/ David A. Maxfield________________

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 15, 2021
Columbia, South Carolina

ELECTRONICALLY FILED - 2021 Mar 15 5:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

STATE OF SOUTH CAROLINA COURT OF COMMON PLEAS

COUNTY OF RICHLAND FIFTH JUDICIAL CIRCUIT

Suzanne Viscuso, individually and on behalf of others similarly situated,

Plaintiff(s),

-vs-

Quicken Loans, Inc.,

Defendant(s).

**COMPLAINT –CLASS ACTION**

(Jury Trial Requested)

Plaintiff, complaining of the Defendant above named, would respectfully show:

**JURISDICTION**

1. The State of Residence of Plaintiff is South Carolina.
2. Quicken Loans, Inc. is a foreign corporation with its nerve center in Michigan.
3. This Court has jurisdiction over the parties and subject matter of this action and venue is proper based on the non-residence of the Defendants herein.

**FACTUAL ALLEGATIONS**

4. Defendant is the largest mortgage lender in the United States, originating $320 Billion of mortgage loans in 2020 and operating in every state in America in 2020.
5. Defendant services millions of loans in the United States, including the collection of mortgage accounts through various means.

ELECTRONICALLY FILED - 2021 Mar 15 5:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

6. Plaintiff has a home loan serviced by Defendant.
7. On or about March 8, 2021 Defendant via its address AccountResolution@quickenloans.com emailed a notice to Plaintiff asserting that her loan was delinquent.
8. Besides sending the email to Plaintiff, Defendant intentionally or otherwise sent its collection email to hundreds or thousands of its other customers simultaneously (presumably by including every customer as a recipient or "cc" of this email.
9. Upon information and belief, each and every of these customers' allegedly delinquent account status was shared with everyone receiving the email.
10. Defendant thus revealed the alleged delinquencies of hundreds or thousands of other customers to a wide audience.
11. Many of the email addresses contained full first and last names, and "@" domains that revealed the customer's employer.
12. Virtually any email addresses can be reverse searched to find the age, location, phone number, and social media profiles of the owner of the address, and photos and other personal information.
13. For nearly 40 years, state and federal collection laws have required that a financial institution protect the privacy of customer account status, and certain personal identifying information.
14. Both the FDCPA and S.C. Code 37-5-108 (which expressly applies to creditors) further prohibit the communication of information regarding a debt to anyone other than the consumer, and/or the publication of any "list of consumers who allegedly refuse to pay debts" to anyone other than a Consumer Reporting Agency. (See, S.C. Code 37-5-108(iv, vi). Nearly every state's law contains a similar provision.

ELECTRONICALLY FILED - 2021 Mar 15 5:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

15. Besides providing confidential or protected information about Plaintiff, Defendant revealed said information (and presumably that of every other one of its customers on the email) and violated their common law right to privacy.
16. Defendant has not, to date, notified any customer of the breach of their account data or personal information.
17. Defendant's wrongful acts caused concrete and particularized harms and losses, including humiliation, worry, anger, and the physical manifestations of same; and harm to reputation or credit, the loss of the fundamental right to privacy, and such other damages as may be shown at trial.

**CLASS ALLEGATIONS**

17. Plaintiff incorporates each of the foregoing allegations as fully as if repeated verbatim.
18. Plaintiff sues as a class action under Rule 23 of the South Carolina Rules of Civil Procedure, on behalf of himself and all other similarly situated persons as members of classes initially defined as:
    a. Every person whom Defendant communicated account status by the above email.
    b. Every person whose information was compromised by Defendant in any similar email breach in the three years before filing this action.

18. The class as defined above is so numerous that joinder of all members is impracticable.
19. Class members can be identified by records maintained by Defendant.
20. There are questions of law or fact common to the class. Common questions of law and fact include whether Defendant failed in its duties to prevent the disclosure of private account status, credit, and/or information, whether the

ELECTRONICALLY FILED - 2021 Mar 15 5:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

Plaintiff and the class members have suffered damages because of Defendant's negligent or wrongful actions or omissions, and whether Plaintiff and the class members may have injunctive relief.

21. The claims or defenses of the representative parties are typical of the claims or defenses of the class. Plaintiff's claims are typical of the claims of members of the Class because all suffered the same type of damages arising out of Defendant's wrongful conduct as described herein. Specifically, the claims of Plaintiff and class members arise from Defendant's communication by email of private credit, personal, or account information.
22. The representative party will fairly and adequately protect the interests of the class. Consumer has retained counsel competent and experienced in class action lawsuits. Consumer has no interests antagonistic or in conflict with those of class members and therefore is an adequate representative for class members.
23. The damages in controversy for each member of the class exceeds $100.00.
24. Defendant must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described, to return Plaintiff to the position enjoyed before wrongful injury.
25. For those harms and losses reasonably expected to continue into the future, Defendant must compensate for their expected continuing impact and effect and take action to remedy that effect (such as credit monitoring).
26. Additionally, due to the intentional or reckless nature of the wrongful acts described herein, Defendant must pay nominal or symbolic damages, and punitive damages to punish said conduct, and deter its reoccurrence.
27. Defendant must further be required to pay attorney’s fees and costs.
28. The harms and losses caused by Defendant are likely to be redressed by a favorable judicial decision, through an award of the above damages,

ELECTRONICALLY FILED - 2021 Mar 15 5:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

**FOR A FIRST CAUSE OF ACTION**

**(Breach of Confidentiality)**

29. The allegations contained hereinabove are repeated as if alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.
30. Defendant had a confidential relationship with Plaintiff under which the former had to protect Plaintiff's account information, including the status of the account, and personal communication or identifying information, including email addresses (which Defendant, in its privacy policy, specifically classifies as an "Identifier."
31. Defendant exposed private or protected information with parties who were not its affiliates, service providers, partners, partner companies, or regulators.
32. Confidential and/or private information of the Plaintiff was disclosed by Defendant in breach of the duty of confidentiality owed.
33. The disclosure was made to third parties, including hundreds or thousands of other of Defendant's customers.
34. The disclosure was unconsented to by Plaintiff, who had an absolute right in the confidentiality of the information and a right to avoid any injury from its disclosure.
35. As a direct and proximate result of the unconsented disclosure of protected information, judgment should be granted for nominal and punitive damages, and for any actual injury sustained.

ELECTRONICALLY FILED - 2021 Mar 15 5:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

**FOR A SECOND CAUSE OF ACTION**

**(Negligence)**

36. The allegations contained hereinabove are repeated as if alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

37. Defendant owed Plaintiff and class members – all of whom are its paying customers -- a duty to exercise due care.

38. Defendant breached the duty to Plaintiff and class members in the above particulars, and in such other particulars as shown at trial.

39. The breach of duty by Defendant was in conscious, reckless disregard of the rights of Plaintiff and the class members.

40. As a direct and proximate result of the negligent, careless, reckless, willful and wanton acts and omissions of the Defendant, damages were inflicted on Plaintiff and class members.

41. As a result thereof, judgment should be granted for both actual and punitive damages.

**FOR A THIRD CAUSE OF ACTION**

**(Invasion of Privacy)**

42. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

43. Plaintiff and the class members had a right and an expectation to be left alone, and to keep their private information (including email address and account status) private.

44. Defendant invaded the legitimate expectation of privacy of Plaintiff and the class members by wrongfully publicizing their private affairs to a wide audience.

ELECTRONICALLY FILED - 2021 Mar 15 5:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

45. The conduct of Defendant was committed in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.
46. The intrusion of Defendant was substantial and unreasonable.
47. The intrusion of Defendant was intentional.
48. As a direct and proximate result of the foregoing, damage has been inflicted on Plaintiff and the class members.
49. Plaintiff should be granted judgment against Defendant for actual damages and punitive damages as authorized by statute and attorney fees, and such other relief as is just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for certification of the above class, and judgment in an amount sufficient to compensate Plaintiff and class members for actual damages, with punitive damages, nominal damages, and such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper, and the injunction of this Court requiring Defendant to a) cease its wrongful conduct; b) notify all victims thereof; and c) correct its systems to prevent future exposures of private customer information.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_______________________________

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

March 12, 2021

ELECTRONICALLY FILED - 2021 Apr 01 3:32 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ( | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ( | FIFTH JUDICIAL CIRCUIT |
| | ( | |
| Suzanne Viscuso, individually and on | ( | |
| behalf of others similarly situated, | ( | |
| vs. Plaintiff, | ( | Case No. 2021-CP-40-1216 |
| | ( | **PROOF OF SERVICE** |
| Quicken Loans, Inc. | ( | |
| | ( | |
| | ( | |
| Defendant. | ( | |

I the undersigned, an employee of Dave Maxfield, Attorney at Law, have served CT Corporation System as registered agent for **Quicken Loans, Inc.**, by U.S Certified Mail, Restricted Delivery and Return Receipt Requested on the **22nd day of March 2021**, with a **Summons & Complaint** in the above-entitled action as shown by the attached certified mail receipt.

s/Janel Streater
Janel Streater

April 1, 2021

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
2 Office Park CT Ste. 103
Columbia, SC 29223

9590 9402 6351 0296 3144 79

2. Article Number *(Transfer from service label)*

7020 2450 0001 3077 7092

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Lisa Culler

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
3/22/21

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☑ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

-Return Receipt

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

ELECTRONICALLY FILED - 2021 Apr 01 3:32 PM

ELECTRONICALLY FILED - 2021 Apr 01 3:48 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

# Certificate of Electronic Notification

## Recipients

**David Maxfield** - Notification transmitted on 04-01-2021 03:37:34 PM.

ELECTRONICALLY FILED - 2021 Apr 01 3:48 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2021CP4001216

| | |
|---|---|
| **Official File Stamp:** | 04-01-2021 03:32:25 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Suzanne Viscuso vs Quicken Loans Inc |
| **Document(s) Submitted:** | Service/Acknowledgment Of Service |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

David Andrew Maxfield for Suzanne Viscuso

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Quicken Loans Inc

ELECTRONICALLY FILED - 2021 Apr 21 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND ) FIFTH JUDICIAL CIRCUIT

Suzanne Viscuso, individually and on behalf of others similarly situated,

Plaintiff,

vs.

Quicken Loans, Inc.,

Defendant.

Civil Action No. 2021CP4001216

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the South Carolina Rules of Civil Procedure, Defendant Quicken Loans Inc. n/k/a Quicken Loans, LLC ("Quicken Loans") moves to dismiss Plaintiff Suzanne Viscuso's Complaint on the grounds that Plaintiff has failed to state facts sufficient to constitute a cause of action, as South Carolina law recognizes no cause of action arising from the facts alleged in the Complaint; Plaintiff has failed to allege that she suffered damages; and Plaintiff has failed to allege any injury-in-fact, and for this and other reasons Plaintiff does not have standing to sue. Based on the grounds more particularly described herein, and as will be further supported by a memorandum in support prior to the hearing on the motion, Quicken Loans respectfully requests that the Court grant its motion and dismiss the Complaint with prejudice.

## I. Failure to State a Claim

1. Pursuant to Rule 12(b)(6), a complaint may be dismissed if a plaintiff fails to state facts sufficient to constitute a cause of action. Rule 12(b)(6), SCRCP. Because Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for multiple, independently sufficient reasons, dismissal under Rule 12(b)(6) is warranted. Fundamentally, the absence of a duty, the absence of a breach of any duty, and the absence of damages are fatal to Plaintiff's

ELECTRONICALLY FILED - 2021 Apr 21 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

Complaint. Though Plaintiff lists three separate claims in her Complaint, each of which is addressed below, South Carolina law does not recognize any cause of action or other right to relief based on the alleged facts.

2.       Plaintiff fails to allege facts sufficient to constitute a cause of action for breach of confidentiality under South Carolina law. Only a narrow tort claim for breach of confidentiality for a "physician's breach of the duty to maintain the confidences of his or her patient in the absence of a compelling public interest or other justification for the disclosure" has been recognized in South Carolina law. *McCormick v. England*, 328 S.C. 627, 640, 494 S.E.2d 431, 437 (Ct. App. 1997). This is not such a case.  Plaintiff has failed to allege facts establishing the elements of such a claim, including the existence of a doctor-patient relationship or the release of confidential medical information.  Nor has Plaintiff alleged any professional relationship grounded on confidentiality or other facts sufficient to constitute the cause of action for breach of confidentiality as recognized in South Carolina. The duties owed by a doctor to his patient regarding confidential medical information simply are not present here.  Indeed, the defendant is a mortgage lender and servicer—not a physician/doctor.  Consequently, Plaintiff has failed to state a claim for breach of confidentiality.

3.       Plaintiff fails to allege facts sufficient to constitute a cause of action for negligence. Under South Carolina law, a plaintiff asserting a negligence cause of action must establish: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages. *See Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 189, 691 S.E.2d 170, 173 (Ct. App. 2010). Plaintiff has failed to allege facts establishing the elements of such a claim, including the existence of a duty owed to Plaintiff, the

ELECTRONICALLY FILED - 2021 Apr 21 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

breach of such duty, that any alleged breach actually and proximately caused Plaintiff injury, and that Plaintiff actually suffered injury or damage.[1] Consequently, Plaintiff has failed to state a claim for negligence.

4.      Plaintiff fails to allege facts sufficient to constitute a cause of action for invasion of privacy. The South Carolina Supreme Court has recognized three distinct causes of action for invasion of privacy, none of which is present here: the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no concern, and the wrongful intrusion into one's private activities, in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 478, 514 S.E.2d 126, 130 (1999) (quoting *Meetze v. Associated Press*, 230 S.C. 330, 335, 95 S.E.2d 606, 608 (1956)). The elements of the first cause of action—wrongful appropriation of personality—are: (1) the intentional; (2) unconsented use; (3) of the plaintiff's name, likeness, or identity; (4) by the defendant for his own benefit. *Snakenberg v. Hartford Cas. Ins. Co.*, 299 S.C. 164, 170, 383 S.E.2d 2, 5 (Ct. App. 1989). The Complaint does not state facts to support such a claim.  The elements of the second cause of action—wrongful publicizing of private affairs—are: (1) publicizing; (2) absent any waiver or privilege; (3) private matters in which the public has no legitimate concern; (4) so as to bring shame or humiliation to a person of ordinary sensibilities. *Swinton Creek Nursery*, 334 S.C. at 478, 514 S.E.2d at 130. Again, the Complaint does not state facts to support such a claim.  The elements of the third cause of action—wrongful intrusion into private affairs—are: (1) intrusion; (2) into

---

[1] Neither Quicken Loans' own privacy policy nor the statutes cited by Plaintiff are sufficient to establish the existence of a duty. *See, e.g., Doe ex rel. Doe v. Wal-Mart Stores, Inc.*, 393 S.C. 240, 247, 711 S.E.2d 908, 912 (2011). Further, as explained above, the duty of confidentiality cannot be the basis of a negligence claim since the duty does not extend to these circumstances. *See McCormick*, 328 S.C. at 640, 494 S.E.2d at 437.

ELECTRONICALLY FILED - 2021 Apr 21 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

that which is private; (3) substantial and unreasonable enough to be legally cognizable; (4) intentional. *Snakenberg*, 299 S.C. at 171–72, 383 S.E.2d at 6.  Once again, the Complaint does not state facts to support such a claim.  Plaintiff has failed to allege facts establishing the elements of any of the three causes of action for invasion of privacy. *See, e.g., Swinton Creek Nursery*, 334 S.C. at 478, 514 S.E.2d at 130; *Snakenberg*, 299 S.C. at 170–71, 383 S.E.2d at 5–6. Consequently, Plaintiff has failed to state a claim for invasion of privacy. *See, e.g., J.R. v. Walgreens Boots Alliance, Inc.*, 470 F.Supp.3d 534, 550–53 (D.S.C. 2020) (dismissing state law invasion of privacy claims based on alleged disclosure of personally identifying information).

5.     Additionally, all three of Plaintiff's claims—breach of confidentiality, negligence, and invasion of privacy—rely on legal conclusions. These legal conclusions do not state facts sufficient to constitute a cause of action, and consequently, Plaintiff's claims must fail. *See Paradis v. Charleston Cty. Sch. Dist.,* 424 S.C. 603, 614, 819 S.E.2d 147, 153 (Ct. App. 2018*), abrogated on other grounds by Skydive Myrtle Beach, Inc. v. Horry Cty.,* 426 S.C. 175, 826 S.E.2d 585 (2019) ("When a plaintiff states nothing more than legal conclusions, a claim should fail.").

6.     In sum, Plaintiff's Complaint should be dismissed, with prejudice, because no cause of action exists on the facts alleged.

## II.     Absence of Damages

7.     Plaintiff fails to allege facts sufficient to constitute a cause of action because Plaintiff fails to allege facts to establish damages. This deficiency is fatal to all three of Plaintiff's claims and requires dismissal. Courts from across jurisdictions have concluded that the disclosure of an email address and account information does not constitute a cognizable injury or damage. *See, e.g., In re LinkedIn User Privacy Litigation*, 932 F.Supp.2d 1089, 1095 (N.D. Ca. 2013) (dismissing complaint for lack of standing where plaintiff's email addresses were stolen and

ELECTRONICALLY FILED - 2021 Apr 21 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

password information was posted online); *Cherny v. Emigrant Bank*, 604 F.Supp.2d 605, 608 (S.D.N.Y. 2009) ("Courts have held, however, that the release of potentially sensitive information alone, without evidence of misuse, is insufficient to cause damage to a plaintiff."). Absent allegations of damages caused by the alleged breach, Plaintiff's Complaint must be dismissed.[2]

**III. Lack of Standing**

8. Pursuant to Rule 12(b)(1), a complaint must be dismissed if a court lacks subject matter jurisdiction. Rule 12(b)(1), SCRCP. Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate if a plaintiff lacks standing. *See Anders v. South Carolina Parole and Community Corrections Bd.*, 279 S.C. 206, 211, 305 S.E.2d 229, 231 (1983). Because Plaintiff lacks standing, dismissal under Rule 12(b)(1) is warranted.[3]

9. The South Carolina Supreme Court has recognized three types of standing: (1) statutory standing; (2) constitutional standing; and (3) public importance standing. *South Carolina Public Interest Foundation v. South Carolina Department of Transportation*, 421 S.C. 110, 117, 804 S.E.2d 854, 858 (2017). Statutory standing (in South Carolina) exists where a statute confers a right to sue on a party. *Youngblood v. South Carolina Dept. of Social Services*, 402 S.C. 311, 317, 741 S.E.2d 515, 518 (2013). Constitutional standing exists where a plaintiff establishes the following elements: (1) the existence of an injury-in-fact; (2) a causal relationship between the injury and the defendant's conduct; and (3) the likelihood that the injury will be redressed by a favorable decision. *Id*. To establish the existence of an injury-in-fact, a plaintiff's injury must be

[2] Plaintiff cannot recover damages for purely economic losses. *See, e.g., Sapp v. Ford Motor Co.*, 386 S.C. 143, 147, 687 S.E.2d 47, 49 (2009); *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp.3d 1154, 1171 (D. Minn. 2014).

[3] Although standing is often discussed in terms of subject matter jurisdiction, *see Anders*, 279 S.C. at 211, 305 S.E.2d at 231, South Carolina courts will also occasionally dismiss an action for lack of standing without any reference to subject matter jurisdiction. Under either approach, dismissal is warranted and hereby requested.

ELECTRONICALLY FILED - 2021 Apr 21 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

sufficiently concrete or particularized. *Id*. Public importance standing (in South Carolina) is conferred on a party where an issue is of such public importance as to require its resolution for future guidance. *See ATC South, Inc. v. Charleston County*, 380 S.C. 191, 198, 669 S.E.2d 337, 341 (2008).

10. Plaintiff fails to establish statutory, constitutional, or public importance standing. Plaintiff has not identified a statute which confers statutory standing in these circumstances. Plaintiff has failed to identify any of the requirements necessary to confer public importance standing. Finally, with respect to constitutional standing, Plaintiff fails to establish the existence of a sufficiently concrete and particularized injury-in-fact. Courts from a wide variety of jurisdictions have recognized that the disclosure of an e-mail address and other account information does not constitute a concrete and particularized injury-in-fact. *See, e.g., In re LinkedIn User Privacy Litigation*, 932 F.Supp.2d at 1095; *Cherny,* 604 F.Supp.2d at 608. Consequently, Quicken Loans respectfully requests that the complaint be dismissed pursuant to Rule 12(b)(1), SCRCP.

**Conclusion**

Based on the foregoing and the anticipated memorandum in support to be filed in advance of a hearing on the motion, Quicken Loans respectfully requests that the Court dismiss this action with prejudice and enter an order granting such other relief as the Court deems appropriate.

ELECTRONICALLY FILED - 2021 Apr 21 2:49 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

Respectfully Submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/B. Rush Smith III*

B. Rush Smith III
SC Bar No. 012941
E-Mail: rush.smith@nelsonmullins.com
Thomas T. Hydrick
SC Bar No. 103198
E-Mail: thomas.hydrick@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

*Attorneys for Quicken Loans Inc. n/k/a Quicken Loans, LLC*

Columbia, South Carolina

April 21, 2021

ELECTRONICALLY FILED - 2021 Apr 21 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

# Certificate of Electronic Notification

## Recipients

**David Maxfield** - Notification transmitted on 04-21-2021 02:50:29 PM.

ELECTRONICALLY FILED - 2021 Apr 21 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001216

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2021CP4001216

| | |
|---|---|
| **Official File Stamp:** | 04-21-2021 02:49:23 PM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Richland |
| **Case Caption:** | Suzanne Viscuso vs Quicken Loans Inc |
| **Event(s):** | |

Notice/Notice of Appearance

| | |
|---|---|
| **Document(s) Submitted:** | Motion/Dismiss |
| **Filed by or on behalf of:** | Benjamin Rush Smith, III |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

David Andrew Maxfield for Suzanne Viscuso

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Quicken Loans Inc