IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Suzanne Viscuso, individually and on behalf of others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Quicken Loans, Inc., ) ) Defendant. ) ) | Civil Action No.: 3:21-cv-01924-JMC **ORDER AND OPINION** |

Plaintiff Suzanne Viscuso, individually and on behalf of others similarly situated, filed the instant putative class action against Defendant Quicken Loans, Inc., seeking injunctive relief and monetary damages for Defendant's alleged failure to protect Plaintiff's confidential and/or private information. (*See* ECF No. 1-3.) Plaintiff alleges state law claims for breach of confidentiality, negligence, and invasion of privacy. (*Id.* at 7 ¶ 29–9 ¶ 49.)

This matter is before the court on Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 2.) Plaintiff opposes the Motion to Dismiss in its entirety. (ECF No. 12.) For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss.

**I.     RELEVANT BACKGROUND OF PENDING MOTION**

Defendant "is a nationwide online mortgage lender that provides, among other things, residential mortgage loan refinances." *Boone v. Quicken Loans, Inc.*, 803 S.E.2d 707, 709 (S.C. 2017). "Under [Defendant's] refinance procedure, the borrowers have already purchased the property and are simply seeking a new mortgage loan (presumably with more favorable terms) to replace the existing loan." *Id.*

Plaintiff alleges that she has a mortgage loan with Defendant and on May 8, 2021,

1

Defendant sent the following e-mail (the "E-mail") to Plaintiff conveying that she was delinquent on her loan (ECF No. 1-3 at 4 ¶¶ 7, 8):

> **It's Important you Review your Payment Today!**
>
> Hello,
>
> We see you have a payment scheduled, however it is not enough to satisfy the full amount due. We're here to help and answer any questions you have about your payment and account.
>
> Please visit your Rocket Mortgage account to adjust your payment or see what options are available to you.
>
> Questions? Contact Us.
>
> Monday - Friday            Saturday
> 8:30 a.m. - 9:00 p.m. ET   9:00 a.m. - 4:00 p.m. ET
>
> Chat with us online.       AccountResolution@QuickenLoans.com
>
> Chat with Apple Messages.  (855) 578 - 4253

(ECF Nos. 11-1 at 2, 12-1 at 8–9.) Moreover, from her review of the carbon copy ("CC") file of the e-mail, Plaintiff alleges that she was able to discern hundreds or thousands of other customers of Defendant as also having delinquent accounts.[1] (*Id.* ¶¶ 8, 9.) Plaintiff asserts that Defendant has in no way acknowledged either a data breach or the publication of private customer account

---

[1] Defendant asserts that "[t]he email did not say anything about 'default' or 'delinquency'" and "the email was in fact sent to the email addresses associated with approximately 367 loan accounts." (ECF No. 11 at 2 n.1, 11-1 at 2.)

date/personal information.  (*Id.* at 5 ¶ 17.)

Thereafter, on March 15, 2021, Plaintiff filed a Complaint against Defendant in the Richland County Court of Common Pleas (South Carolina) alleging state law claims for breach of confidentiality, negligence, and invasion of privacy.  (ECF No. 1-3 at 7 ¶ 29–9 ¶ 49.)  On June 25, 2021, Quicken Loans removed the matter to this court (ECF No. 1) and filed the instant Motion to Dismiss the Complaint.  (ECF No. 2.)  The parties then responded and replied to this Motion.  (*See* ECF Nos. 11, 12, 14.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (*See* ECF No. 24 at 8.)  For jurisdictional purposes, Plaintiff alleges that her "State of Residence . . . is South Carolina"; and Quicken Loans is "a foreign corporation with its nerve center in Michigan."  (ECF No. 1-3 at 3 ¶¶ 1, 2.)  In the Notice of Removal, Defendant maintains that Plaintiff admits that (1) her claims exceed the general diversity jurisdiction amount of $75,000.00, exclusive of interests and costs, and (2) that "the aggregate amount in controversy for the claims of the putative class exceed[s] $5 million," thus satisfying the amount in controversy of the Class Action Fairness Act, 28 U.S.C. § 1332(d).  (ECF No. 1 at 3, 6.)

## III.    LEGAL STANDARD

A.     <u>Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction</u>

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies."  U.S. Const. art. III, § 2.  "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has

3

jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

B.    Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be

granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.     ANALYSIS

A.     The Parties' Arguments

In its Motion to Dismiss, Defendant argues that the court lacks subject matter jurisdiction over the case due to Plaintiff's lack of standing. (ECF No. 2 at 5.) In this regard, Defendant asserts that Plaintiff cannot demonstrate any of the three (3) recognized "types of standing: (1) statutory standing; (2) constitutional standing; and (3) public importance standing." (*Id.* (citing *S.C. Pub. Interest Found. v. S.C. Dep't of Transp.*, 804 S.E.2d 854, 858 (S.C. 2017)).)

However, even if Plaintiff had standing, Defendant argues dismissal is warranted because Plaintiff did not suffer any damages (*id.* at 4) and the allegations supporting her claims are deficient. More specifically, Defendant asserts that it is entitled to dismissal of Plaintiff's claim

5

alleging breach of confidentiality because the claim has only been recognized in the context of a doctor-patient relationship.  (ECF No. 2 at 2 (citing *McCormick v. England*, 494 S.E.2d 431, 437 (S.C. Ct. App. 1997)).)  Defendant further asserts that an invasion of privacy claim as alleged by Plaintiff is also not recognized as a valid cause of action under South Carolina law.  (*Id.* at 3 (citing *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 514 S.E.2d 126, 130 (S.C. 1999); *Snakenberg v. Hartford Cas. Ins. Co.*, 383 S.E.2d 2, 5 (S.C. Ct. App. 1989)).)  Finally, Defendant asserts that Plaintiff's cause of action for negligence fails to state a claim because she "failed to allege facts establishing the elements of such a claim, including the existence of a duty owed to Plaintiff, the breach of such duty, that any alleged breach actually and proximately caused Plaintiff injury, and that Plaintiff actually suffered injury or damage."  (*Id.* at 2–3.)

Plaintiff opposes Defendant's Motion to Dismiss arguing that "breach of confidentiality is not solely limited to the physician-patient relationship, and courts analyze the particular facts of each case to determine the applicability of a breach of confidentiality claim."  (ECF No. 12 at 8 (citing *Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 780 S.E.2d 263, 273 (S.C. Ct. App. 2015)).)  In support of this claim, Plaintiff asserts that she has sufficiently alleged a confidential relationship with Defendant "which required Defendant to protect Plaintiff's account information, including the status of the account, and personal communication or identifying information, including email addresses," and "Defendant's release of protected information without consent is a direct and proximate cause of the actual injuries Plaintiff sustained."  (*Id.* at 10 (citing ECF No. 1-3 at 7 ¶¶ 30–35).)

As to her claim for negligence, Plaintiff argues that she has sufficiently stated allegations meeting the elements of a claim for negligence.  (ECF No. 12 at 13.)  In particular, Plaintiff asserts that she appropriately alleged a duty to her by Defendant based on either (1) "federal and state

6

regulations requir[ing] creditors like Defendant to protect consumers' personally identifiable information and keep it from being disclosed to others"; or (2) Defendant's own promise in its "Privacy Policy to keep Plaintiff's email address and other identifiers private and disclosed only to define classes with a specific need to know." (*Id.* at 11, 13.)

Finally, Plaintiff argues that her allegations sufficiently satisfy the elements of invasion of privacy claims against Defendant for both wrongful publicizing of private affairs and wrongful intrusion into private affairs. (*Id.* at 14.) As to the former, Plaintiff asserts that she "satisfactorily alleges that Defendant publicized her private matters, which had no legitimate public concern, and Defendant's admissions in its opposition papers reinforces her claims." (*Id.*) As to the latter, Plaintiff observes that her allegations "demonstrate Defendant's willingness to intrude in the private affairs of its customers' affairs." (*Id.* at 15 (citing *Snakenberg*, 383 S.E.2d at 6).)

B.     The Court's Review

Defendant seeks dismissal of Plaintiff's claims for breach of confidentiality, negligence, and invasion of privacy on the basis that she lacks standing. Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies." U.S. Const. art. III, § 2. Standing implicates the court's subject matter jurisdiction and is governed by Rule 12(b)(1). *Crumbling v. Miyabi Murrells Inlet, LLC*, C/A No. 2:15-cv-4902-PMD, 2016 WL 3351351, at *1 (D.S.C. June 16, 2016). "To possess the constitutional component of standing, a party must meet three requirements: (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) (citing, *e.g.*, *Friends of the Earth, Inc. v. Laidlaw*

7

*Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

In the Complaint, Plaintiff alleges that she suffered the following injuries because of Defendant's actions: "outrage . . . mental suffering, shame, or humiliation to a person of ordinary sensibilities." (ECF No. 1-3 at 9 ¶ 45.)  Accepting as true these allegations as the court is required to do at this stage of the proceeding, caselaw supports Plaintiff's position that she sufficiently alleged injury in fact as to the claims pleaded in the Complaint.  *See, e.g.*, *Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981) ("We adopt the rule of liability . . . [that] [o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."); *Snakenberg*, 383 S.E.2d at 6 (In assessing the damage [for wrongful intrusion into private affairs), the trier of fact may consider the shame, humiliation, and emotional distress suffered by the plaintiff as compensable elements of damage.).  As a result, the court is not persuaded that Plaintiff lacks standing to proceed with this action.  Accordingly, the court **DENIES** Defendant's Motion to Dismiss based on Plaintiff's lack of standing.

In addition to its standing argument, Defendant also seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6).  The court addresses the merit of Defendant's Motion as to each of these claims below.

　　　　*1.　　　Claim for Breach of Confidentiality*

Although Plaintiff argues that she can assert a claim for breach of confidentiality against Defendant, a non-physician, this court has never reached this conclusion.  *See Stephens v. United States*, C/A No. 0:16-149-BHH-PJG, 2018 WL 1110853, at *3 (D.S.C. Jan. 30, 2018) ("Because Stephens's Second Amended Complaint continues to allege that the erroneous disclosure of his medical records was not made by a physician, Stephens fails to plausibly allege that the defendant

8

is liable to him for the South Carolina tort of breach of confidentiality." (citing *McCormick*, 494 S.E.2d at 437)); *Gallipeau v. Correct Care Sols.*, C/A No. 3:10-2017-JFA-JRM, 2011 WL 4502043, at *3 (D.S.C. Sept. 29, 2011) ("South Carolina courts have recognized a cause of action for breach of confidentiality, but such actions only lie against a physician where there is a 'absence of a compelling public interest or other justification for the disclosure.' Here, the cause of action asserted is not against a physician." (quoting *McCormick*, 494 S.E.2d at 431–37)). Moreover, after reviewing relevant case law to include *Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, the court is also not persuaded that the South Carolina appellate courts have extended breach of confidentiality to actions against non-physicians. Accordingly, the court finds that Defendant is entitled to dismissal of Plaintiff claim for breach of confidentiality.

   2.   *Claim for Negligence*

"In a negligence action, a plaintiff must show that the (1) defendant owed a duty of care to the plaintiff, (2) defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages." *Dorrell v. S.C. Dep't of Transp.*, 605 S.E.2d 12, 15 (S.C. 2004) (citation omitted). "In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff . . . [and i]f there is no duty, the defendant is entitled to judgment as a matter of law." *Huggins v. Citibank, N.A.*, 585 S.E.2d 275, 276–77 (S.C. 2003) (internal and external citations omitted). "An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." *Hendricks v. Clemson Univ.*, 578 S.E.2d 711, 714 (S.C. 2003) (citation omitted).

In her Complaint, Plaintiff alleges that as a paying customer, she had a confidential relationship with Defendant requiring it to exercise due care by protecting Plaintiff's confidential

9

and/or private account information. (ECF No. 1-3 at 7 ¶ 30, 8 ¶ 37.) Moreover, Plaintiff alleges that Defendant itself breached that duty when it sent her private, protected information to unnecessary parties without Plaintiff's consent thereby directly damaging her. (*Id.* at 7 ¶ 31, 8 ¶ 40.) At the Rule 12 stage, the court finds that Plaintiff's allegations are sufficient to state a cause of action for negligence based on Defendant's failure to protect Plaintiff's private information. *Cf. Madison v. Babcock Ctr., Inc.*, 638 S.E.2d 650, 657 (S.C. 2006) ("One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking." (quoting Restatement (Second) of Torts § 323 (1965))). Therefore, the court declines to dismiss Plaintiff's negligence cause of action.

3.     *Claim for Invasion of Privacy*

Plaintiff alleges two (2) types of invasion of privacy: wrongful publicizing of private affairs and wrongful intrusion into private affairs. To properly plead a claim for wrongful publicizing of private affairs, the plaintiff must allege "(1) publicizing, (2) absent any waiver or privilege, (3) private matters in which the public has no legitimate concern, (4) so as to bring shame or humiliation to a person of ordinary sensibilities." *Swinton Creek Nursery*, 514 S.E.2d at 131 (citations omitted). "The gravamen of th[is] tort is publicity as opposed to mere publication." *Snakenberg*, 383 S.E.2d at 6. "The defendant must intentionally disclose facts in which there is no legitimate public interest—there is no right of privacy in public matters." *Id.*

"To prevail on an action for the wrongful intrusion into private affairs, a plaintiff must demonstrate: (1) an intrusion; (2) into that which is private; (3) which is substantial and

unreasonable; (3) and intentional." *Atkinson v. House of Raeford Farms, Inc.*, C/A No. 6:09-cv-01901-JMC, 2011 WL 1526605, at *7 (D.S.C. Apr. 20, 2011) (citing *Snakenberg*, 383 S.E.2d at 6). "In an action for wrongful intrusion into private affairs, the damage consists of the unwanted exposure resulting from the intrusion." *Snakenberg*, 383 S.E.2d at 6. "Thus, if the plaintiff proves the four elements needed to establish his cause of action, the fact of damage is established as a matter of law." *Id.*

Upon review, the court observes that the entirety of Plaintiff's allegations support a reasonable inference that Defendant's conduct publicized private information in a manner that caused Plaintiff harm so as to support a plausible claim for wrongful publicizing of private affairs. However, after reviewing the language used by Defendant in the E-mail, the court is not persuaded that Plaintiff's allegations sufficiently allege the type of intrusion sufficient to establish the requisite element of a wrongful intrusion into private affairs. *See Snakenberg*, 383 S.E.2d at 6 ("An intrusion may consist of watching, spying, prying, besetting, overhearing, or other similar conduct."). *Cf. Gallipeau*, 2011 WL 4502062, at *5 (D.S.C. Aug. 5, 2011) ("Plaintiff's allegations that his medical records were filed in judicial proceedings does not constitute an 'intrusion' necessary to state a cause of action for wrongful intrusion." (citing *Snakenberg*, 383 S.E.2d at 6)). Accordingly, the court finds that Plaintiff only sufficiently alleges a claim for invasion of privacy based on the wrongful publicizing of private affairs and denies the Motion to Dismiss as to this claim.

## V.     CONCLUSION

For the foregoing reasons, the court hereby **GRANTS IN PART AND DENIES IN PART** Defendant Quicken Loans, Inc.'s Motion to Dismiss. (ECF No. 2.) The court **DENIES** the Motion as to Plaintiff Suzanne Viscuso's claims for negligence and invasion of privacy based on the

11

wrongful publicizing of private affairs.  The court **GRANTS** the Motion to Dismiss as to Plaintiff's claims for breach of confidentiality and invasion of privacy for wrongful intrusion into private affairs and **DISMISSES** these claims **WITH PREJUDICE**.  *E.g.*, *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009) ("Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.") (citations omitted).

    **IT IS SO ORDERED**

*J. Michelle Childs*

United States District Judge

March 22, 2022
Columbia, South Carolina